UNITED STATES BANKRUPTCY COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | |
| THOMAS B. WILLIAMS and | ) | Bk. No. 12-82275 |
| KARIN M. WILLIAMS, | ) | |
| | ) | |
| Debtors | ) | Chapter 13 |

### RESPONDENTS KEYSTONE PEER REVIEW ORGANIZATION, INC.'S AND DENISE RINELL'S OBJECTION TO DEBTORS' MOTION TO REOPEN CHAPTER 13 BANKRUPTCY PROCEEDING

COME NOW respondents Keystone Peer Review Organization, Inc. (hereinafter "KEPRO") and Denise Rinell (hereinafter "Rinell"), by and through their undersigned counsel, and for their Response in Opposition to debtors' Motion to Reopen Chapter 13 Bankruptcy Proceeding, state as follows:

### STIPULATED FACTS

1. Debtors Karin Williams and Thomas Williams filed for Chapter 13 bankruptcy on October 11, 2012.

2. Debtors disclosed assets in the bankruptcy proceeding, representing to the bankruptcy court and their creditors that they had no undisclosed, non-exempt assets other than the assets listed in the bankruptcy schedule of assets.

3. On December 6, 2012, the bankruptcy court approved a five-year payment plan based on debtors' representations, which was to be in place until December 2017.

4. On July 15, 2015, debtor Karin Williams (hereinafter "debtor/plaintiff") filed a wage claim with the Illinois Department of Labor, alleging that she was owed additional wages from her employer at the time, KEPRO.

5. Debtor/plaintiff's employment with KEPRO ended in the summer of 2015.

6. On February 21, 2017, debtor/plaintiff filed a lawsuit in the U.S. District Court for the Central District of Illinois, Cause Number 17-CV-1145, against KEPRO (and later adding Rinell as a defendant), alleging that she was entitled to damages for unpaid wages, back pay for nearly two years, interest at 24%, punitive damages, and attorney's fees (hereinafter the "employment lawsuit"). Debtor/plaintiff specifically disclosed in her written discovery responses in the employment lawsuit that her damages were a minimum of $154,215.66, in addition to accruing attorney fees, front pay, benefits, professional reputational damage, and punitive damages.

7. From the time debtor/plaintiff filed the wage claim through the time she filed the lawsuit (and thereafter), debtor/plaintiff continued to follow the bankruptcy payment plan.

8. On July 6, 2017, debtors' debts were discharged by the bankruptcy court, and all creditors were paid in full.

9. Despite debtor/plaintiff's claim that she calculates the value of her employment lawsuit to be over $150,000, debtor/plaintiff did not report any additional assets, potential assets, or causes of action prior to her debts being discharged.

10. On February 8, 2018, counsel for respondents took the deposition of debtor/plaintiff in the employment lawsuit. After testimony was elicited from debtor/plaintiff indicating that she did not disclose the employment lawsuit as an asset to the bankruptcy court, counsel for respondents advised debtor/plaintiff's attorney that it was her belief that the employment lawsuit should have been disclosed to the bankruptcy court.

11. Three months passed, and debtor/plaintiff still did not disclose the employment lawsuit as an asset to the bankruptcy court, and debtor/plaintiff made no attempt to reopen the bankruptcy matter. Accordingly, respondents filed a motion for summary judgment in the employment lawsuit on May 9, 2018, arguing that debtor/plaintiff failed to disclose the employment lawsuit as an asset to the bankruptcy court, and as such, she had no standing to prosecute the lawsuit, and furthermore, that she was judicially estopped from prosecuting the employment lawsuit.

12. It was not until after respondents filed the aforementioned motion for summary judgment that debtors filed the subject Motion to Reopen the Chapter 13

Bankruptcy Proceeding, on May 24, 2018, to disclose the lawsuit as an asset to the bankruptcy court.

## ARGUMENT

13. In bankruptcy proceedings, debtors are required to disclose all of their assets, as said assets become assets of the bankruptcy estate for the benefit of the creditors. 11 U.S.C. § 521.

14. Debtors have a continuing duty to disclose assets, including causes of action, to the bankruptcy court. As stated in Robinson v. Tyson Foods, Inc., 595 F. 3d 1269, 1274 (11th Cir. 2010) (internal citations omitted):

> A debtor seeking shelter under the bankruptcy laws has a statutory duty to disclose all assets, or potential assets to the bankruptcy court. The duty to disclose is a continuing one that does not end once the forms are submitted to the bankruptcy court; rather the debtor must amend [her] financial statements if circumstances change. This duty applies to proceedings under Chapter 13 and Chapter 7 alike because, any distinction between the types of bankruptcies available is not sufficient enough to affect the applicability of judicial estoppel because the need for complete and honest disclose exists in all types of bankruptcies.

See also In re Adams, 481 B.R. 854 (N.D. Miss. 2012) (holding that a Chapter 13 debtor has a continuing duty throughout the bankruptcy case to disclose a lawsuit, even when the lawsuit accrues after the bankruptcy petition is filed.).

15. Pursuant to the U.S. Bankruptcy Code, "[a] case *may* be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b) (emphasis added). Hence, this Honorable Court is not required to reopen debtors' Chapter 13 bankruptcy proceeding and the ruling is a matter of discretion.

16. Debtor/plaintiff has moved this Honorable Court to reopen the Chapter 13 bankruptcy proceeding solely to avoid summary judgment in the employment lawsuit. Debtor/plaintiff did not file the Motion to Reopen to fulfill her obligations with the bankruptcy court. Debtor/plaintiff did not even file the Motion to Reopen after conversations with defense counsel. Rather, debtor/plaintiff only filed the Motion to Reopen *after* she was faced with the possibility of summary judgment in the employment lawsuit. Hence, this is not a situation where debtors inadvertently made a mistake, and upon learning of the mistake, brought the mistake to the bankruptcy court's attention. Rather, this is a situation where debtors are attempting to take advantage of the bankruptcy process. As stated by the Fifth Circuit, "[j]udicial estoppel was designed to prevent such abuses." In re Superior Crewboats, Inc., 374 F.3d 330, 336 (5th Cir. 2004) (citing Burnes v. Pemco Aeroplex, Inc., 291 F. 3d 1282, 1288 (11th Cir. 2002) ("Allowing [the debtor] to back-up, re-open the bankruptcy case, and amend his bankruptcy filings, only after his omission has been challenged by an adversary, suggests that a debtor

should consider disclosing personal assets only if he is caught concealing them."). Accordingly, debtors' Motion to Reopen should be denied.

17.  Furthermore, the interests of judicial economy will not be served if debtors' Motion to Reopen is granted. There is no reason to grant debtors' Motion, as there is nothing further to be accomplished in the bankruptcy court. Debtors' debts have been discharged, and all creditors have been paid in full. Hence, the only reason for the re-opening of this case is for debtor/plaintiff to potentially avoid summary judgment in the employment case – not to litigate some matter actually related to the bankruptcy.

18.  Moreover, even if debtors' bankruptcy case is reopened by this court, debtor/plaintiff may still not be able to avoid summary judgment, as it is up to the discretion of the Honorable Michael Mihm to determine if debtor/plaintiff is judicially estopped from proceeding with the employment lawsuit. This is true because regardless if a bankruptcy matter is reopened for purposes of disclosing additional assets, judicial estoppel can still preclude the civil lawsuit. See U.S. ex rel. Long v. GSDMIdea City, L.L.C., 798 F.3d 265 (5th Cir. 2015) (where summary judgment was granted in favor of defendant on judicial estoppel grounds even though plaintiff moved to reopen his bankruptcy case to disclose a post-petition lawsuit that he had failed to disclose prior to his debts being discharged). Hence, judicial economy would be better served allowing Judge Mihm to decide the Motion for Judgment without the re-opening of debtors'

bankruptcy case, as allowing debtors to reopen the bankruptcy proceeding would subject "the strained resources of the bankruptcy court to an unnecessary expenditure of time and effort." In re Perez, 98 B.R. 386 (N.D. Ill. 1989).

WHEREFORE, respondents Keystone Peer Review Organization, Inc. and Denise Rinell pray that that this Honorable Court denies debtors' Motion to Reopen Chapter 13 Bankruptcy Proceeding, and for such further relief this Honorable Court deems just and proper.

/s/ Denise Baker-Seal
Denise Baker-Seal - #6255589
BROWN & JAMES, P.C.
Counsel for Keystone Peer Review
Organization, Inc. and Denise Rinell
Richland Plaza I, 525 W. Main St., Ste. 200
Belleville, Illinois  62220-1547
Ph: 618-235-5590; Fax: 618-235-5591
Email: dseal@bjpc.com; dowens@bjpc.com

## AFFIDAVIT OF SERVICE

I, the undersigned, on the 28th day of August, 2018 electronically filed this document with the United States Bankruptcy Court, Central District of Illinois, Peoria Division which will send electronic notification to each of the following:

Michael D. Clark, Trustee
Mclark13@mtco.com

United States Trustee
USTPRegion10.PE.ECF@usdoj.gov

The undersigned certificates that on August 15, 2018 a copy of the filed pleading was emailed and mailed via standard U.S. Mail to the additional parties:

Ms. Kerrianne L. Waters
Westervelt, Johnson, Nicoll & Keller, LLC
411 Hamilton Blvd., Suite 1400
Peoria, IL 61602
kwaters@wjnklaw.com, selliott@wjnklaw.com
**(Counsel for Plaintiff)**

Sumner A. Bourne
Rafool, Bourne & Shelby, P.C.
411 Hamilton Blvd., Suite 1400
Peoria, IL 61602
sbnotice@mtco.com

Under penalties of perjury as provided by law, I certify that the statements in this affidavit are true.

/s/ Denise Baker-Seal


20077259.1